UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL PLUS PLAN,

Plaintiffs,

-against-

DURO TEXTILES, LLC d/b/a DURO TEXTILE PRINTERS,

Defendant.

**COMPLAINT**

Plaintiffs, by their attorneys David C. Sapp, Esq. and Jennifer Oh, Esq., complaining of Defendant Duro Textiles, LLC d/b/a Duro Textile Printers (the "Defendant" or "Duro Textile Printers"), respectfully allege as follows:

## NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon the Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

## VENUE

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff National Plus Plan (the "Plus Plan") is an "employee pension benefit plan" as defined in Section 3(2) ERISA, 29 U.S.C. § 1002(2), and a "defined contribution plan" within the meaning of Section 3(34) of ERISA, 29 U.S.C. §1002(34).

5. The Plus Plan is established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

6. The Plus Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers. As such, the Plus Plan is a "multiemployer plan," within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

7. The Plus Plan is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plus Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

8. Plaintiff Trustees of the Plus Plan exercise discretionary authority, control and responsibility with respect to management and administration of the Plus Plan and disposition of Plus Plan assets. As such, Plaintiff Trustees of the Plus Plan are fiduciaries with respect to the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Plus Plan maintains its principal administrative offices and the Plus Plan is administered at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

9. Defendant Duro Textile Printers is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a). Upon information and belief, at all relevant times herein, Defendant was a Massachusetts corporation having or having had its principal place of business at 110 Chace Street, Fall River, Massachusetts 02724.

10. UNITE HERE New England Joint Board and Local Union 1208 T (the "Union") is an unincorporated "employee organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, at all times material hereto, Defendant was a party to a Collective Bargaining Agreement with the Union ("Bargaining Agreement"), which obligated Defendant to make contributions to the Plus Plan. Upon information and belief, employee benefit fund contributions to the Plus Plan were and are due to be paid by Defendant.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE PLUS PLAN AGAINST THE DEFENDANT

11. Plaintiff Trustees of the Plus Plan repeat and reallege each and every allegation contained in paragraphs "1" through "10" of this Complaint with the same force and effect as if set forth at length herein.

12. Upon information and belief, certain of Defendant's employees contributed to the Plus Plan pursuant to individually elected salary deferrals, which Defendant is obligated to withhold from their paychecks and forward to the Plus Plan ("Employee Contributions").

13. Upon information and belief, Defendant failed to forward to the Plus Plan the required monthly Employee Contributions to the Plus Plan for the months of June 2016 and July 2016 in the principal amount of $2,715.68.

14. To date, Defendant has failed to make payment of the Employee Contributions for the months of June 2016 and July 2016, and the principal amount of $2,715.68 is now due and

3

owing. By reason therefore, Defendant is liable for Employee Contributions to Plaintiff Plus Plan in the principal amount of $2,715.68 for the period stated.

15. Plaintiff Plus Plan is entitled to collect interest on the outstanding Employee Contributions from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Plus Plan's Fifth Restated Agreement and Declaration of Trust ("Trust Agreement") and the Plus Plan's policies and procedures.

16. Plaintiff Plus Plan is entitled to collect liquidated damages, attorneys' fees, and costs from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Plus Plan's Trust Agreement and the Plus Plan's policies and procedures.

## AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE PLUS PLAN AGAINST THE DEFENDANT

17. Plaintiff Trustees of the Plus Plan repeat and reallege each and every allegation contained in paragraphs "1" through "16" of this Complaint with the same force and effect as if set forth at length herein.

18. The Trust Agreement of the Plus Plan provides that, "An Employer is deemed to have accepted and become bound by this Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund." As Defendant has an obligation to contribute to the Plus Plan and has, in the past, contributed to the Plus Plan, Defendant has accepted and become bound by the Trust Agreement.

19. The Trust Agreement of the Plus Plan requires Defendant to remit payroll reports ("Payroll Reports") to Plaintiff Plus Plan, which includes the employees' names, Social Security numbers, hours worked, paid hours, unpaid hours, vacation, sick leave, and such other information as the Trustees of the Plus Plan may require in connection with the administration of the Plan.

4

20.     Upon information and belief, Payroll Reports required for the months of June 2016 and July 2016 have not been remitted to the Plus Plan by Defendant and are now due and owing by Defendant to Plaintiff Plus Plan.  By reason thereof, Plaintiffs are entitled to an order and judgment requiring Defendant to remit the required Payroll Reports to Plaintiff Plus Plan for the periods stated.

### AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE PLUS PLAN AGAINST THE DEFENDANT

21.     Plaintiff Trustees of the Plus Plan repeat and reallege each and every allegation contained in paragraphs "1" through "20" of this Complaint with the same force and effect as if set forth at length herein.

22.     Upon information and belief, interest and liquidated damages owed on late-paid Employee Contributions for the months of January, April and May 2016 remitted to the Plus Plan in the total amount of $292.18 have not been paid to Plaintiff Plus Plan and are now due and owing.  By reason therefore, Defendant is liable for interest and liquidated damages owed on the late-paid January, April and May 2016 Employee Contributions to Plaintiff Plus Plan in the amount of $292.18.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a.      Directing Defendant to pay to the Plus Plan Employee Contributions for the months of June 2016 and July 2016 in the principal amount of $2,715.68; and

b.      Directing Defendant to pay to the Plus Plan interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Plus Plan, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), the Plus Plan's Trust Agreement and the Plus Plan's policies and procedures; and

c. Directing Defendant to pay to the Plus Plan liquidated damages on the sum set forth in paragraph "(a)" herein, to be computed at a rate as prescribed by the Plus Plan, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), the Plus Plan's Trust Agreement and the Plus Plan's policies and procedures; and

d. Directing Defendant to pay to the Plus Plan the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

e. Directing Defendant to remit to the Plus Plan the Payroll Reports for the months of June 2016 and July 2016; and

f. Directing Defendant to remit to the Plus Plan the interest and liquidated damages owed on the late-paid January, April and May 2016 Employee Contributions to Plaintiff Plus Plan in the amount of $292.18.

g. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: October 20, 2016
White Plains, New York

TRUSTEES OF THE NATIONAL PLUS PLAN,
Plaintiffs

By: _____
David C. Sapp, Esq. (DS 5781)
Jennifer Oh, Esq. (JO 1201)

*Attorneys for Plaintiffs*

Alicare, Inc. – Fund Administrator
333 Westchester Avenue
North Building – First Floor
White Plains, New York 10604
Phone: (914) 367-5243
Fax: (914) 367-2243
E-mail: joh@amalgamatedlife.com